UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHANI PHILLIBERT,

Plaintiff,

-against-

DETECTIVE NELSON NIN, SHIELD #950955; DETECTIVE JOSEPH BURCKHARD, SHIELD #941371; POLICE OFFICER JOHN DOE; POLICE OFFICER JANE ROE; THE CITY OF NEW YORK,

Defendants.

26-CV-6846 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

Plaintiff Khani Phillibert, who is currently incarcerated at U.S.P. Allenwood in Pennsylvania, filed this complaint pursuant to 42 U.S.C. § 1983, arising from an apartment search alleged to have occurred on May 13, 2025, at 3985 Gouverneur Avenue, Apartment 2C, in Bronx County, New York. The named Defendants are: (1) New York Police Department ("NYPD") Detective Nelson Nin, Shield #950955; (2) Detective Joseph Burckhard, Shield #941371; (3) Police Officer John Doe; (4) Police Officer Jane Roe; and (5) the City of New York. Plaintiff asserts claims of false arrest, malicious prosecution, excessive force, assault and battery, abuse of process, illegal search, and negligent hiring. ECF No. 1 at 5. The complaint could also be construed as asserting a retaliation claim and claims pursuant to New York Civil Rights Law § 85 and New York City Administrative Code § 8-801 *et seq.*

## A. Waiver of Service

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this Order. The Court **REQUESTS** that Defendants Detective Nelson Nin,

Shield #950955; Detective Joseph Burckhard, Shield #941371; and the City of New York waive service of summons.

### B. *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify NYPD Officers John Doe and Jane Roe who were present during the search of 3985 Gouverneur Avenue, Apartment 2C, in Bronx County, on May 13, 2025. ECF No. 1 at 4-5. It is therefore **ORDERED** that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of the John Doe and Jane Roe police officers whom Plaintiff seeks to sue here and the address where each defendant may be served. The Law Department must provide this information to Plaintiff and the Court **within 60 days of the date of this Order**.

Plaintiff is **DIRECTED** to file an amended complaint naming the John Doe and Jane Roe defendants **within 30 days of receiving the information** about their identities and badge numbers. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly identified Defendants to waive service.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to electronically notify the New York Police Department and the New York City Law Department of this Order. Defendants Detective Nelson Nin, Shield #950955; Detective Joseph Burckhard, Shield #941371; and the City of New York are

**REQUESTED** to waive service of summons. The New York City Law Department is **ORDERED** to respond as directed in the *Valentin* order.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 30, 2026
New York, New York

DALE E. HO
United States District Judge